Swing v. Woodruff.

---

GEORGE W. SWING AND SARAH J., HIS WIFE, v. DANIEL E. WOODRUFF AND HARRIET T., HIS WIFE.

1. A judgment against husband and wife, on bond and warrant of attorney to confess judgment, given by them in 1871, will be set aside as to the wife, where it appears she signed it as surety for her husband.

2. At that date a married woman could not give a warrant of attorney. Whether subsequent changes in the law have altered this rule—*quere.*

On rule to show cause why the judgment obtained by the plaintiffs against the defendants in this court should not be set aside as to said Harriet T. Woodruff.

Argued at June Term, 1879, before Justices SCUDDER,. KNAPP and REED.

For the defendants, *J. R. Reeves*.

For the plaintiffs, *T. H. Walker*.

The opinion of the court was delivered by

SCUDDER, J.   The affidavits and proofs show that Harriet T. Woodruff, the wife of Daniel E. Woodruff, during her coverture, on May 28th, 1871, signed a joint and several bond. to the plaintiffs, as surety for her husband, and also signed and sealed with him a warrant of attorney to confess judgment on said bond.   A judgment by confession having been entered in this court on this bond and warrant of attorney, against both the husband and wife, dated February 7th, 1879, motion is now made to discharge the wife from said judgment.

In controlling such judgments, this court will exercise a discretionary and equitable jurisdiction, giving such relief as the justice and equity of the case, upon facts proved by affidavits, shall demand.   Where the judgment has been wrongfully entered against one of the defendants, the court will set aside the judgment as to such one, or prohibit the plaintiff from proceeding by execution against such defendant, and will see that no improper use is made of the judgment thus obtained.   *Silvers* ads. *Reynolds*, 2 *Harr.* 275 ; *S. C.*, 3 *Harr.* 238.

The wife in this case is not a legal party to the bond, and cannot be held.   She signed it as surety for her husband,. without any benefit to herself or her estate, and neither at common law nor under our statutes, can she be held.   Neither had she the legal capacity to give a warrant of attorney to confess judgment.   In an anonymous case (*Penn.* 973) a *feme*

*sole* gave a warrant of attorney to confess a judgment, and then married. On motion for leave to enter up judgment against the husband and wife, the court said, laconically : " We think you cannot do it." So in *Salkeld* 117, it was held that marriage revokes a warrant of attorney given to confess judgment *against feme; aliter*, if *to* her.

If marriage revokes her warrant when legally made before marriage, it will also disable her from giving a warrant of attorney after marriage. Such was the law in this state when this bond was given in 1871. Whether subsequent changes in the laws relating to married women have changed this construction, it is not now relevant to decide. It would seem that this further step to deprive the wife of the protection which the common law so carefully gave her, has been taken elsewhere. *First Nat. Bank* v. *Garlinghouse*, 36 *How. Pr.* 369 ; *S. C.*, 53 *Barb.* 615. But we are not called upon to go so far in this case, if we were disposed to do so.

The judgment in this case upon its face is illegal and void as to the wife, and the motion will therefore be granted to make the rule absolute as to her, with costs.